UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-cr-00039-MOC-DLH

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| DANIELLE DEVONNA JONES | ) | |
| DANNY TERRON RONEY | ) | |
| OLIVETTE POSTEL SAMUELS JR., | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on defendant Jones' pro se Motion to Dismiss Count Three as well as to Dismiss Count One or Count Two of the Superseding Indictment (#98). Defendant Jones faces three counts,[1] which largely stem from the same set of events. Count One alleges that defendant Jones conspired with her co-defendants to commit a robbery. Count Two alleges that the co-defendants were involved in a robbery. Count Three is an allegation that defendant Jones and her co-defendants either carried and used a firearm in the commission of a robbery or aided and abetted each other therein. Defendant denies involvement in any illegal act, and accuses the government of taking a single act and "reformulate[ing] it 3 times to multiple crimes with different labels in order to arrive at the announced indictment." (#98) at 1.

A motion to dismiss is governed by Rule 12(b)(3)(B), Federal Rules of Criminal Procedure. That rule provides that the court may dismiss a count where the indictment "fails to invoke the court's jurisdiction or to state an offense." Fed.R.Crim.P. 12(b)(3)(B). An indictment is defective

---

[1] The Superseding Indictment (#69) has four Counts in total. The fourth Count applies only to defendant Samuels.

-1-

if it alleges a violation of an unconstitutional statute, or if the "allegations therein, even if true, would not state an offense." United States v. Thomas, 367 F.3d 194, 197 (4th Cir. 2004). Here, the court finds no reason to dismiss Count Three or to dismiss either of Counts One or Two.

Review of Count Three reveals that the United States has alleged each element of the offence. Further, whether or not the government's evidence will prove those elements is a matter for resolution at trial. While of little moment at this point inasmuch as the Grand Jury has found probable cause, the government has forecast evidence which, if proved at trial, could support a finding by a jury that defendant conspired with others to commit a robbery and aided in the commission of that robbery. In addition, the government has forecast evidence that a firearm was carried and used in the commission of that robbery.

Review of Counts One and Two reveal no multiplicity problem. Count One is that of conspiracy to commit a crime, and Count Two is the commission of that crime. These are separate criminal charges and may properly be brought as two distinct Counts.

The motion will be denied and defendant may renew the motion at the conclusion of the government's evidence.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant Jones' pro se Motion to Dismiss Count Three as well as to Dismiss Count One or Count Two of the Superseding Indictment (#98) is **DENIED** without prejudice.

Signed: December 2, 2016



Max O. Cogburn Jr.
United States District Judge

-2-