UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-cr-00039-MOC-DLH

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| **DANIELLE DEVONNA JONES** | ) | |
| **DANNY TERRON RONEY** | ) | |
| **OLIVETTE POSTEL SAMUELS JR.,** | | |
| | | |
| Defendants. | ) | |

**THIS MATTER** is before the court on defendant Jones' Motion for Return of Property (#102) and Motion to Suppress (#103). Having considered the Motions and reviewed the pleadings, the court enters the following Order.

Defendant Jones has moved the court to return property due to "aggrieved deprivation" under Rule 12. (#102). She has also asked the court to quash the search warrant, suppress all evidence therefrom, and return all property not needed for trial. (#103). Defendant Jones claims that law enforcement officials violated state law and Federal Rule of Criminal Procedure 41 in their handling of the warrant and inventory related to a search of her vehicle.

Even taking the defendant's allegations as true, they would amount to technical violations of the cited authority. These technicalities are not "substantial" violations and do not pose harm to defendant's constitutional rights to due process, notice, or her Fourth Amendment protections. See State v. Dobbins, 306 N.C. 342, 349 (1982); United States v. Smith, 914 F.2d. 565, 568 (4th Cir. 1990). Moreover, there is not a causal connection between the violations alleged and the evidence obtained; put another way, the search and seizure would have otherwise occurred and

the evidence found notwithstanding the alleged violation. See State v. Davidson, 131 N.C. App. 276, 281 (1998) (Under state law, "Even where a substantial violation has occurred, evidence will only be suppressed where there is a causal connection between the violation and the evidence obtained."); see also United States v. Simons, 206 F.3d 392, 403 (4th Cir. 2000) (applying similar reasoning to "ministerial" violations of Rule 41 and Fourth Amendment protections).

In this case, a neutral magistrate issued a search warrant based on probable cause, the warrant was executed and evidence was recovered; then the alleged technical violations occurred. There was no causal link between the ministerial, technical violations alleged and any statutory or constitutional rights of the defendant. While defendant may be correct and law enforcement may have technically violated the cited authorities, the property remedy is not suppression or the pre-trial return of property.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant Jones' Motion for Return of Property (#102) and Motion to Suppress (#103) are each **DENIED** for the reasons stated above.

Signed: December 30, 2016

Max O. Cogburn Jr.
United States District Judge