UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-CR-00039-MOC-DLH

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| Vs. | ) | **ORDER** |
| | ) | |
| **DANNY TERRON RONEY,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's guardian *ad litem*'s *Ex Parte* Motion for Pre-Authorization for Out-of-State Travel.[1]

On motion from defendant's court-appointed counsel, the Honorable Dennis L. Howell, United States Magistrate Judge, appointed another private attorney, movant herein, to serve as defendant's guardian *ad litem*. See Order (#293). For cause, court-appointed counsel advised Judge Howell that as a result of her discussion with defendant, who had been found to be incompetent, she had been given directions which counsel determined may not be in the client's best legal interests. Relying on Rule 1.14 of the North Carolina Rules of Professional Conduct, counsel sought the appointment of a guardian *ad litem*. See Motion (#290). In granting that request, Judge Howell provided in his Order that "[t]he expenses associated with Burke's appointment will be covered by the Federal Public Defender for the Western District of North Carolina." Order (#293). Review of the underlying Motion for Appointment of a Guardian *Ad Litem* (#290) does not, however, reveal under what provision of the Criminal Justice Act, 18 U.S.C.

---

[1] While the motion has properly been made *ex parte* and under seal, the Court has intentionally addressed the instant request in a public Order as the interests in having published decisions in this area of law greatly outweighs the need to avoid disclosure of potential defenses, which is diminished in these circumstances.

1

§ 3006A, such appointment was sought. Likewise, review of the Order (#293) does not reveal the basis for making such appointment. In addition, Judge Howell's Order that the expenses of the guardian *ad litem* shall be paid by the "Federal Public Defender" makes it unclear whether the payment of the guardian *ad litem* and her expenses will come out of the Federal Defender's own budget or out of CJA funds.

## FINDINGS AND CONCLUSIONS

There is a dearth of published decisions that address the appointment of a second attorney to serve as a guardian *ad litem* under the CJA. The most applicable discussion of the issue of appointment of a second attorney as a guardian *ad litem* in § 4241 *et seq.* proceedings is found in United States v. King, 473 F.Supp.2d 1182 (M.D. Ala. 2007). In King, the Honorable Myron H. Thompson, United States District Judge, acknowledged that the "law is admittedly somewhat vague in this area," id. at 1183, and reviewed the request under both the CJA and the *Guidelines for the Administration of the Criminal Justice Act and Related Statutes.*

In King, the court first determined that appointment of two attorneys, with one serving as the guardian *ad litem*, was appropriate Chapter Two of the *Guidelines*. Id. at 1184. Under § 2.11(B) of the *Guidelines*, the Court found that the case was "difficult" and that such appointment was "necessary and in the interests of justice." Id. at 1184. Turning next to Chapter Three of the *Guidelines,* the court considered § 3.14, which prohibits compensating a guardian *ad litem* in a juvenile case. Determining that such provision was inapplicable because it did not address what to do in the case of an adult, Judge Thompson turned to the more general provisions of Chapter Three, and considered § 3.01, which provides for "other services necessary to adequate representation." Id. He noted that to make an appointment under that provision, the court must explicitly find that such appointment was "necessary to an adequate defense." Id. Finally, the

court determined that, even if the *Guidelines* did not provide for such appointment, "that it is authorized, pursuant to the CJA, to compensate an additional attorney as guardian *ad litem* …." Id.

This court finds the reasoning of the district court in King to be highly persuasive here as this Court is faced with a nearly identical scenario. See also United States v. Doe, 230 F. Supp. 2d 662, 664 (D. Md. 2002) ("The statute must prevail over the regulation, and the Court finds that there is legal authority to pay the guardians ad litem previously appointed under the Criminal Justice Act."). Applying the reasoning of King, the earlier Order (#293) of Judge Howell does not include findings concerning the difficulty of the case, whether the appointment would serve the interests of justice, or whether such appointment was necessary for an adequate defense. Thus, before authorizing travel, this Court must first be satisfied that the appointment of Ms. Burke was well founded.

Under Chapter Two of the *Guidelines,* this Court is very familiar with the facts and circumstances of defendant's competency issues and the facts of the underlying criminal action. It has already tried one defendant's two co-defendants and sentenced both of defendant's co-defendants. Based on such knowledge, the Court finds that while the charges were straight forward, this has been and remains a *most* difficult case. Appointment of a second attorney to serve in the capacity of a guardian *ad litem* is necessary and would be in the interests of justice. Under Chapter Three the Court finds that such appointment is also necessary for an adequate defense in light of the information provided in lead counsel's motion and the ethical obligations of such attorney. Finally, even if the Guidelines do not specifically provide for such appointment, the Court finds that it is authorized, pursuant to the CJA, to compensate an additional attorney as guardian *ad litem* as necessary to provide an adequate defense. Thus, the Court reaffirms Judge Howell's

appointment of Ms. Burke as a second attorney in this matter to serve in the capacity of a guardian *ad litem*. As to Judge Howell's determination that "expenses associated with Burke's appointment will be covered by the Federal Public Defender," that provision of the appointment Order is not clear and may cause some confusion when it comes time to pay Ms. Burke's voucher and travel expenses. The Court will clear this up by directing that Ms. Burke's fees are to be paid pursuant to the provisions of the Criminal Justice Act, 18 U.S.C. § 3006A (d) and § 2.11(a) of the *Guidelines for the Administration of the Criminal Justice Act and Related Statutes*, or in the alternative 18 U.S.C. § 3006A(e) and § 3.02 of the Guidelines.

Finally, the Court turns to the substance of the instant motion, which is whether it should approve Ms. Burke's proposed out-of-district travel to USMCFP Springfield, where defendant is presently housed. Based on the representations made in the request and the estimates therein provided, the Court finds that such travel is necessary to provide defendant with an adequate defense and that the proposed costs and modalities of travel are reasonable. The Court will, therefore, approve travel costs by Ms. Burke not to exceed $1500.

**ORDER**

**IT IS, THEREFORE, ORDERED** that upon further consideration of the appointment of a second attorney to serve as defendant's guardian *ad litem*,

(1) The Court finds, pursuant to § 2.11(B) of the *Guidelines for the Administration of the Criminal Justice Act and Related Statutes*, that the appointment of an additional attorney to serve as guardian *ad litem* for defendant **DANNY TERON RONEY** in this difficult case is necessary and in the interest of justice.

(2) The Court also finds, pursuant to the Criminal Justice Act, 18 U.S.C. § 3006A(e), that the services of a guardian *ad litem* are necessary for adequate representation of defendant Roney.

(3) Attorney Meghann K. Burke is appointed guardian *ad litem* for defendant Roney, *nunc pro tunc* to September 20, 2018.

(4) The Bureau of Prisons' federal medical center in Springfield, Missouri (and other federal facilities at which defendant may from time-to-time be transferred) shall permit attorney Burke to visit with defendant Roney.

**IT IS FURTHER ORDERED** that fees for attorney Burke's service as guardian *ad litem* are to be paid pursuant to the provisions of the Criminal Justice Act, 18 U.S.C. § 3006A (d) and § 2.11(a) of the *Guidelines for the Administration of the Criminal Justice Act and Related Statutes*, or in the alternative 18 U.S.C. § 3006A(e) and § 3.02 of the Guidelines.

**IT IS FURTHER ORDERED** defendant's guardian *ad litem*'s Motion for Pre-Authorization for Out-of-State Travel (#295) is **GRANTED**, and travel expenses not to exceed $1500 are **APPROVED**.

Signed: October 22, 2018

Max O. Cogburn Jr
United States District Judge