UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:16-cr-39-MOC-WCM-2

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **DANNY TERRON RONEY,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's pro se letter, in which he requests copies of various documents from his criminal file at the government's expense, in order to assist him in filing a Section 2255 motion. (#353) Thus, the Court will construe defendant's filing as a Motion for Transcripts at Government Expense. Having considered defendant's motion and reviewed the pleadings, the Court enters the following Order.

An indigent defendant may be entitled to transcripts at the government's expense if the defendant states a proper ground for relief and if the transcripts are indispensable. United States v. Glass, 317 F.2d 200, 202 (4th Cir. 1963). An indigent defendant is not entitled to a transcript at government expense in order to "merely [] comb the record in the hope of discovering some flaw." Glass, 317 F.2d at 202. Here, defendant's justification for receiving the requested documents at government expense is to file a motion for post-conviction relief, which is insufficient. United States v. Bracamontes, No. 7:10-CR-30-1F, 2012 WL 1318245, at *1 (E.D.N.C. Apr. 16, 2012) ("Copies of transcripts may be provided for actions brought under § 2255, but the filing of such action is a precondition to the criminal defendant's request for free transcripts being entertained by the court."). See also 28 U.S.C. § 753(f) (stating that the

government shall pay the fee for transcript where action under § 2255 has been certified not to be frivolous). For these reasons, defendant's motion is denied.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's pro se letter, which the Court construes as a Motion for Transcripts at Government Expense (#353) is **DENIED**.

Signed: August 12, 2020

Max O. Cogburn Jr
United States District Judge